## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELISEO LIMA LUCERO<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>v.<br><br>PARKINSON CONSTRUCTION<br>COMPANY, INC.<br>d/b/a PARKINSON CONSTRUCTION<br>7826 Eastern Avenue, Suite 502<br>Washington, DC 20012<br><br>NIGEL PARKINSON<br>3039 44th Street NW<br>Washington, DC 20016<br><br>      Defendants. | Civil Action No. _____ |

## **COMPLAINT**

1. Defendants employed Plaintiff as a general construction laborer. Defendants failed to pay Plaintiff for hundreds of overtime hours, despite having been sued on at least two prior occasions for failing to pay overtime wages. Moreover, Defendants recently paid Plaintiff nothing for some of his overtime hours.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay regular and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff Eliseo Lima Lucero is an adult resident of Maryland.

6. Defendant Parkinson Construction Company, Inc. is a Maryland corporate entity. It does business as Parkinson Construction. Its principal place of business is located at 7826 Eastern Avenue, Suite 502, Washington, DC 20012. Its registered agent for service of process is Nigel Parkinson, 7826 Eastern Avenue, Suite 502, Washington, DC 20012.

7. Defendant Nigel Parkinson is an adult resident of the District of Columbia. He resides at: 3039 44th Street NW, Washington, DC 20016. He is an owner and officer of Defendant Parkinson Construction Company, Inc. He exercises control over the operations of Parkinson Construction Company, Inc. — including its pay practices.

**Factual Allegations**

8. Plaintiff worked at Parkinson Construction from approximately 2013 through the present.

9. Plaintiff has worked for Defendants in the District of Columbia, Maryland, Ohio, and Pennsylvania.

10. Plaintiff worked at Parkinson Construction as a general construction laborer.

11. Plaintiff's job duties at Parkinson Construction primarily consisted of carpentry, drywall installation, masonry, and painting.

12. Plaintiff typically and customarily worked more than 40 hours per week for Defendants.

13. Over the course of his employment, Plaintiff worked approximately 3000 hours of overtime for Defendants.

14. At all relevant times, Defendants paid Plaintiff by the hour.

15. During the three years prior to filing this complaint, Defendants paid Plaintiff $20.00 per hour.

16. Defendants paid Plaintiff the same regular rate across all hours worked.

17. Defendants did not Plaintiff overtime wages — or one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 in a workweek.

18. At all relevant times, Defendants paid Plaintiff by check.

19. Defendants typically split Plaintiff's pay between two checks: one for hours up to forty, and another for hours in excess of forty.

20. For example, during the workweek of June 13–19, 2015, Plaintiff worked 68 hours. Defendants paid him with two checks: one for $800.00 ($20.00 × 40 hours), and another for $560.00 ($20.00 × 28 hours). Defendants provided with Plaintiff with the following paystubs:

**PARKINSON CONSTRUCTION CO., INC.**                                                                 8406

| PAY PERIOD 03/14/2015 | CHECK DATE 03/23/2015 | CHECK AMOUNT | *****654.02 |

| | HOURS | | AMOUNT | DEDUCTIONS/BENEFITS | AMOUNT | YTD TOTAL |
|---|---|---|---|---|---|---|
| Regular | 40.00 | 20.000 | 800.00 | | | |

| TAXABLE GROSS | | 800.00 |
|---|---|---|
| TAXES | AMOUNT | YEAR-TO-DATE |
| FEDERAL | 25.00 | 271.77 |
| SOC SEC | 49.60 | 830.92 |
| MEDICARE | 11.60 | 194.33 |
| 3.10% - Mar F | 59.78 | 986.07 |
| TOTAL TAXES | 145.98 | |

| TOTAL BENEFITS | 0.00 | TOTAL DEDUCTIONS | 0.00 |
|---|---|---|---|
| ELISEO LIMA | | YTD Gross | 13,402.00 |

3



21. On some occasions, Defendants simply paid Plaintiff with one check for both his regular and overtime hours. For example, Plaintiff worked 54 hours during the workweek of June 18–24, 2016. As shown by the paystub below, Defendants paid him $20.00 across all 54 hours.



22. Moreover, in approximately January 2018, Defendants paid Plaintiff nothing for approximately 16 hours of overtime. Defendants owe Plaintiff approximately $480.00 for these hours (16 hours × $20.00 × 1.5).

23. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe Plaintiff approximately **$30,480.00** in regular and overtime wages (excluding liquidated damages).

24. At all relevant times, Defendants had the power to hire and fire Plaintiff.

25. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

26. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

27. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

28. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

29. Nigel Parkinson typically and customarily signed Plaintiff's paychecks.

30. Nigel Parkinson personally fired Plaintiff's coworkers because they filed a lawsuit for unpaid overtime.

31. Nigel Parkinson personally told Plaintiff and his coworkers that, if they wanted to sue him for unpaid overtime wages, then he did not want them to work for him.

32. At all relevant times, Defendants designated Plaintiff as a Maryland employee.

33. Plaintiff was interviewed and hired for his position at Defendants' Maryland office, located at 3905 Perry Street, Brentwood, MD 20722 ("Maryland Office").

34. Plaintiff and his coworkers were typically required to pick up their paychecks at Defendants' Maryland Office.

35. Regardless of the location of a specific work site, Plaintiff was frequently required to pick up materials and equipment at the Maryland Office.

36. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

37. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

38. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

39. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

40. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

41. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

42. Defendants' violations of the FLSA were willful.

43. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

44. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

45. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

46. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

47. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

48. Defendants' violations of the MWHL were willful.

49. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE MWPCL

50. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

51. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

52. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

53. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

54.     The "wages" required to be timely paid by the MWPCL include overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

55.     Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including regular and overtime wages.

56.     Defendants' violations MWPCL were willful.

57.     For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**95,660.00**, and grant the following relief:

    a.     Award Plaintiff $91,440.00, consisting of the following overlapping elements:

        i.     unpaid federal overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

        iii.   three times the amount of unpaid regular and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

    b.     Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c.     Award Plaintiff reasonable attorney's fees and expenses (currently, $3820.00);

d.	Award Plaintiff court costs (currently, $400.00); and

e.	Award any additional relief the Court deems just.

Date: March 6, 2018                                         Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*