IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

ELISEO LIMA LUCERO

    Plaintiff,

v.

PARKINSON CONSTRUCTION
COMPANY, INC., et al.

    Defendants.

Case No. 1:18-cv-00515-RC

**JOINT REPORT OF THE PARTIES PURSUANT TO
FED. R. CIV. P. 26(f) AND LCvR 16.3(d)**

The parties submit this Joint Report pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3(d).

**A.**     **Brief Statement of Claims and Defenses**

Plaintiff brings this action to recover damages for Defendants' willful failure to pay regular and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

Defendants deny Plaintiff's allegations and deny liability.

**B.**     **Local Civil Rule 16.3(c) Matters**

    1.     <u>Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.</u>

Plaintiff believes this case can be entirely resolved by dispositive motion as soon as Defendants produce Plaintiff's pay records in their initial disclosures. Plaintiff believes that neither discovery or other matters should await a decision on any future dispositive motion.

Defendant anticipates filing a motion to dismiss and/or for summary judgment for inter alia, lack of specificity, applicability of the State and Federal causes of action given locality requirements, passage of the applicable statutes of limitations, and a failure of Plaintiff to mitigate any damages in failing to timely bring his claims over the last 5 years as Plaintiff's Complaint, at ¶¶ 8 and 13, references unpaid wages back to 2013. Whatever portion of Plaintiff's claim survives, issues related to the lack of Complaint specificity, locality requirements, Portal to Portal Act, willfulness of Defendant's acts, and the lack of mitigation by the Plaintiff, will lead to genuine disputes as to material fact. Therefore, discovery scope and completion are likely to require an initial Court Order. While discovery doesn't have to be delayed, the discovery deadline should be realistic.

2. <u>The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.</u>

Plaintiff proposes that all parties be joined and all pleadings be amended within three months of the filing of the complaint: June 6, 2018.

Defendant proposes that all parties be joined, and all pleadings be amended, by September 6, 2018 to coincide with a reasonable motions and discovery schedule.

The parties do not currently agree on any of the principal factual and legal issues, but they anticipate that future agreement may be possible after the completion of discovery.

3. <u>Whether the case should be assigned to a magistrate judge for all purposes, including trial.</u>

The parties do not consent to the assignment of this case to a magistrate judge.

4. <u>Whether there is a realistic possibility of settling the case.</u>

Prior to discovery the parties are unable to determine the likelihood that this case will settle.

5. <u>Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.</u>

2

Plaintiff believes this case would benefit from early ADR. This is a simple, single-plaintiff wage and hour case that can be resolved on the paystubs, and he cannot understand why Defendants would want to expend time and resources on litigating it through the close of discovery — particularly given that this is a fee-shifting case.

Defendants believe, for the reasons cited above in ¶B (1) above that this case would only benefit from ADR after discovery.

6. <u>Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.</u>

As noted above, Defendant anticipates filing a motion to dismiss and or for summary judgment presently. And Plaintiff believes this case can be resolved by a motion for summary judgment once Defendants turn over Plaintiff's pay records.

The parties propose that the deadline for filing dispositive motions be set 14 days after the close of all discovery, that oppositions be due 14 days after the deadline for dispositive motions, and that replies be due 7 days after the deadline for oppositions.

7. <u>Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.</u>

Plaintiff believes that initial disclosures should be made by May 7, 2018. And he believes that the Court should order the Defendants' to produce all of Plaintiff's pay records by this time. As soon as Plaintiff has these, he believes he will be in a position to file a motion for summary judgment.

Defendant believes that initial disclosures should be made by September 7, 2018 to coincide with a reasonable motions and discovery schedule. Defendant's complaint alleges violations back to 2013. Further, the Complaint lacks specificity by only giving three examples

of a failure to pay over the years of alleged wrongdoing, none of which are a prima facie basis that justifies burden shifting to the Defendant under the statute.

The first check set describes an underpayment "during the workweek of **June 13-19**, 2015 but shows two checks which just indicate the pay period was **March 14th** with no reference to the length of the pay period. Perhaps this is a typographical error, but neither check is from June and one of which indicates payment for "0.00 HOURS" at an hourly rate of "0.000" which implies payment for something other than wages, such as reimbursement for expenses. See Complaint, at ¶20.

The second check describes an underpayment for 14 hours based on a check with no date range just a pay period ending June 18, 2016 and dated June 28, 2016.  See Complaint, at ¶21.

The last example alleges a failure to pay "**approximately** 16 hours of overtime" in "approximately June 2018. See Complaint, at ¶22.  There is no explanation in the Complaint for Defendant's alleged failure to pay **regular wages** or formula to calculate "**approximately** $30,480.00 in **regular** and overtime **wages**."

Given the errors in the complaint, lack of pay periods, reasonable inferences of reimbursement, and Plaintiff's desire for the Defendant to respond based on "approximations", motions as described above, and a reasonable discovery period are required, especially before Plaintiff could file a motion for summary judgment.

8. <u>The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.</u>

The parties do not agree on the scope of discovery that will be necessary.

The parties agree that discovery should commence immediately.

The parties agree that subject to request for leave of Court, depositions should be limited to four per party.

Plaintiff believes that discovery should be completed within three months of the filing of the complaint, or by June 6, 2018. He believes this is a very simple case that can be resolved on the paystubs — and other information already in Plaintiff's possession.

Defendant asserts that discovery should be completed by October 6, 2018 to coincide with a reasonable motions and discovery schedule that allows expert depositions after initial discovery has been completed.

9. <u>Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.</u>

The parties have discussed the importance of preserving all information that is potentially relevant to this matter, and they agree to preserve all such evidence in its original form through the conclusion of this case. The parties consent to the electronic service of discovery materials in this matter, and they agree to ensure that all discovery responses are sequentially Bates-stamped and transmitted in legible PDF format.

10. <u>Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.</u>

The parties do not have any such issues at this time but do not anticipate any privilege waiver.

11. <u>Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.</u>

Plaintiff does not anticipate using experts and does not seek any modification of Rule 26(a)(2).

Defendant anticipates, at this time, designation of an expert on inter alia, Portal to Portal, and other labor issues, but does nor seek any modification of Rule 26 (a) (2).

12. <u>In class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.</u>

This topic is not applicable.

13. <u>Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.</u>

The parties believe that both trial and discovery should proceed normally.

14. <u>The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).</u>

The parties agree that a pretrial conference should be held approximately two weeks after the close of dispositive motions briefing.

15. <u>Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.</u>

The parties agree that the trial date should be set at the pretrial conference.

16. <u>Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.</u>

Plaintiff is not aware of any other such matters at this time.

Defendant anticipates filing a motion to dismiss and/or for summary judgment presently and suggests that an initial motions hearing date be set.

C. **Summary of Proposed Schedule**

|  | Defendants' Proposed Schedule | Plaintiff's Proposed Schedule |
|---|---|---|
| Initial Disclosures | May 7, 2018 | September 7, 2018 |
| Amendment of Pleadings / Joinder | June 6, 2018 | October 6, 2018 |
| Close of Fact Discovery | June 6, 2018 | October 6, 2018 |
| Dispositive Motions Due | June 20, 2018 | October 20, 2018 |
| Oppositions Due | July 4, 2018 | November 4, 2018 |
| Replies (If Any) Due | July 11, 2018 | November 11, 2018 |
| Pretrial Conference | July 25, 2018 (approx.) | November 26, 2018 |
| Trial Date | August 27, 2018 (approx.) | January 28, 2019 |

Date: April 6, 2018

Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*

/s/ Timothy P. Leahy, Esq.
TIMOTHY P. LEAHY, #472964
BYRD & BYRD, LLC
14300 Gallant Fox Lane, Suite 120
Bowie, MD 20715
Phone: (301) 464-7448
Fax: (301) 805-5178
tleahy@byrdandbyrd.com

*Counsel for Defendants*