# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ELISEO LIMA LUCERO

      Plaintiff,

v.

PARKINSON CONSTRUCTION
COMPANY, INC., et al.

      Defendants.

Case No. 1:18-cv-00515-RC

## PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .......................................................................................... **3**

**INTRODUCTION** ........................................................................................................... **5**

**BACKGROUND** ............................................................................................................. **5**

    A.   Defendants refused to engage in settlement talks. ...................................................... 6

    B.   Discovery was fraught and extensive. ......................................................................... 7

**ARGUMENT** .................................................................................................................. **8**

    A.   Plaintiff is entitled to recover reasonable attorney's fees, calculated using the lodestar method. ....................................................................................................... 8

    C.   The Laffey Matrix defines the appropriate hourly rates. ......................................... 10

    D.   The hours billed by plaintiff's counsel are reasonable. ............................................11

    E.   The lodestar fee calculation yields a total of $75,702.00. ....................................... 14

    F.   Plaintiff's counsel is entitled to recover $1,193.32 in costs. .................................... 14

**CONCLUSION** ............................................................................................................ **15**

# TABLE OF AUTHORITIES

**Cases**

*Al–Quraan v. 4115 8th St. NW, LLC*, 123 F.Supp.3d 1 (D.D.C. Aug. 19, 2015).......................... 10

*Amaya v. Logo Enterprises, LLC*, 251 F. Supp. 3d 196 (D.D.C. 2017)......................................... 8

Bradshaw v. Jefferson Grill, Inc. 2012 WL 2803401 (D.D.C. July 10, 2012)............................. 10

*Calderon v. Witvoet*, 112 F.3d 275 (7th Cir. 1997)....................................................... 14

*City of Riverside v. Rivera*, 477 U.S. 561 (1986)........................................................ 9

*Colunga v. Young*, 722 F. Supp. 1479 (W.D. Mich. 1989), *aff'd* 914 F.2d 255 (6th Cir. 1990).... 14

*Cowan v. Prudential Ins. Co. of Am.*, 935 F.2d 522 (2d Cir. 1991) .................................... 9

*Craig v. Mnuchin*, No. CV 14-1340 (RC), 2018 WL 6079512 (D.D.C. Nov. 21, 2018) ...........9, 11

*Driscoll v. George Washington Univ.*, 55 F. Supp. 3d 106 (D.D.C. 2014)..........................9, 10, 11

*Freeman v. B & B Assocs.*, 595 F. Supp. 1338 (D.D.C. 1984), *rev'd on other grounds*, 790 F.2d 145 (D.C. Cir. 1986) ............................................................................................... 8

*Hernandez v. Chipotle Mexican Grill, Inc.*, 257 F. Supp. 3d 100 (D.D.C. 2017), *appeal dismissed*, No. 17-7115, 2017 WL 5258351 (D.C. Cir. Sept. 25, 2017)......................................11

*Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 F. App'x 341 (5th Cir. 2007).......................... 9

*Makray v. Perez*, 159 F. Supp. 3d 25 (D.D.C. 2016) .....................................................11

*Millea v. Metro–N. R. Co.*, 658 F.3d 154 (2d Cir. 2011) ................................................ 9

*Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008) ..................................... 12

*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010) ................................................. 9

*Radtke v. Caschetta*, 254 F. Supp. 3d 163 (D.D.C. 2017)............................................... 9

*Reyes v. Kimuell*, 270 F. Supp. 3d 30 (D.D.C. 2017).................................................. 10

*Salazar ex rel. Salazar v. District of Columbia,* 809 F.3d 58 (D.C. Cir. 2015)........................9, 11

*Salazar v. D.C.*, 123 F. Supp. 2d 8 (D.D.C. 2000) ..................................................... 10

*Save our Cumberland Mountains, Inc. v. Hodel*, 651 F. Supp. 1528 (D.D.C. 1986)....................11

*Ventura v. L.A. Howard Constr. Co.*, 139 F. Supp. 3d 462 (D.D.C. 2015)................................... 10

**Statutes**

D.C. Code § 32-1308 ...........................................................................................................11

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* ............................................ 5, 8, 14

Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.* .... 5, 8

Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.* ......................................................................................................... 5, 8

**Rules**

Fed. R. Civ. P. 68(a) ......................................................................................................... 6

# INTRODUCTION

On December 11, 2018, this Court entered judgment in favor of Plaintiff Eliseo Lima. *See* ECF No. 22. Pursuant to Fed R. Civ. P. 54(d)(2)(B), Plaintiff files this motion for attorney's fees in the amount of $75,702.00 and costs in the amount of $1,193.32.

In one respect, this case is remarkable: after shortchanging Plaintiff of approximately $7,000.00–$10,000 in overtime wages since 2015,[1] Defendants now face the prospect of paying over $70,000.00 to cover Plaintiff's legal fees. But in another respect, this case is not remarkable at all. Lawyers are expensive. The 75th Congress recognized that fact when it passed the Fair Labor Standards Act of 1938. And, for eight decades now, that statute's fee-shifting provision has embodied the fundamental principle that, when an employer underpays his workers, he must pay the price of the subsequent lawsuit. In this case — where Defendants mounted a militant defense and made no settlement offer for eight months — that price is $75,702.00

# BACKGROUND

Plaintiff Eliseo Lima Lucero filed this case on March 6, 2018, alleging that his employers, Defendants Parkinson Construction Company, Inc. and Nigel Parkinson, "failed to pay him for hundreds of overtime hours." *See* Compl. ¶ 1, ECF No. 1. Mr. Lima Lucero alleged that that failure to pay overtime amounted to a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.* Compl. ¶¶ 1, 41, 47, 55, ECF No. 1.

---

[1] Because Defendants never produced Plaintiff's paystubs, it is impossible to know the true number. *See infra* pp. 7–8.

In addition to unpaid overtime wages, Mr. Lima Lucero sought to recover liquidated damages, attorney's fees, and costs associated with the litigation.

On April 4, 2018, Mr. Lima Lucero requested that the Court refer the matter for Alternative Dispute Resolution. *See* Joint Report ¶ 5, ECF No. 7. Defendants objected, *see id.*, and discovery began on April 10, 2018. The parties exchanged thousands of pages of documents, *see* Zelikovitz Decl. at ¶¶ 21, 27, and held depositions. Plaintiff defended against two discovery-related motions filed by Defendants, *see generally* Mot. Disc. Sanctions, ECF No. 9; Def.'s [*sic*] Mot. Compel Disc., ECF No. 13. On December 4, 2018, Defendants made an offer of judgment pursuant to Fed. R. Civ. P. 68(a), providing that "attorney's fees . . . [would] be decided later by the Court." *See* Amended Offer of Judgment 1, ECF No. 20-1. Plaintiff accepted that offer, and the Court entered judgment for Plaintiff on December 11, 2018. Not. of Acceptance, ECF No. 20; Final J., ECF No. 22.

**A.  Defendants refused to engage in settlement talks.**

From the outset of the case, Plaintiff urged Defendants to present a settlement offer. *See, e.g.,* Zelikovitz Decl. at ¶¶ 35–36. As early as April 4, 2018, Plaintiff's counsel began to solicit settlement offers from Defendants, reminding them of the eventuality that the attorney's fees would soon "eclips[e] the underlying amount in dispute." Ex. G. Defense counsel did not respond with a settlement offer. On August 28, 2018, in an attempt to settle the case before preparing for and conducting depositions, Plaintiff's counsel again invited Defendants to discuss the possibility of settlement. *See* Ex. G. To that end, Plaintiff's counsel developed detailed calculations of the *minimum* amount owed to Plaintiff for each work week based on the incomplete discovery produced by defendants. *See* Ex. I. Still, Defendants offered nothing to settle the case; instead, they maintained that they were still collecting relevant documents, *see* Ex. H — five months into the case, and three months after this Court ordered Defendants to

produce all pay records, *see* ECF No. 8, ¶ 4 "([T]he Defendants must produce Plaintiff's pay records by May 7, 2018.").

Despite Plaintiff's various attempts to settle the case, Defendants did not make a single settlement offer until November 14, 2018, when they presented an offer of judgment for $7,000.00. *See* Ex. K.

## B. Discovery was fraught and extensive.

In representing low-wage workers against all sorts of companies, undersigned counsel has seen a lot. However, in over 250 wage and hour cases, undersigned counsel has never encountered a defendant who was this gratuitously aggressive during the discovery process.

Parkinson is a sophisticated, "large corporation" that has "been in business since '83." Status Conf. Tr. 3:11–13, Oct. 9, 2018. Plaintiff is a low-wage immigrant laborer who does not read or speak English. Moreover, Defendants' overtime violations were self-evident from Parkinson's own paystubs:



*In short, Defendant did not need extensive discovery.*

Nonetheless, Plaintiff dutifully responded to 17 Requests for Admission, 38 Requests for Production, and 29 Interrogatories. And he supplied over 1,000 pages of documents in response to his employers' requests — including sensitive and personal items like his driver's license and

personal bank statements. He also presented himself for two depositions (the first was cancelled when it became clear that Defendants were unprepared to take it). *See* Zelikovitz Decl. ¶ 13.

None of this was good enough for Defendants. And no amount of discovery would have been. This is because Defendants alone possessed the information necessary to answer the essential question in this case: "how much in overtime wages do Defendants owe Plaintiff." And not one of Defendants' 17 Requests for Admission, 38 Requests for Production, or 29 Interrogatories was necessary to answer that question.

Defendants clearly made the calculation that that they could wear down Plaintiff and his counsel with onerous discovery requests and repeated motions for discovery sanctions. Defendants were wrong.

## ARGUMENT

### A.  Plaintiff is entitled to recover reasonable attorney's fees, calculated using the lodestar method.

As the prevailing party in this action, Plaintiff is entitled to recover reasonable attorney's fees. *See* 29 U.S.C. § 216(b); Md. Code, Lab. & Empl. § 3-427(a)(3); Md. Code, Lab. & Empl. § 3-911(c)(3). *See also Freeman v. B & B Assocs.*, 595 F. Supp. 1338, 1341 (D.D.C. 1984), *rev'd on other grounds*, 790 F.2d 145 (D.C. Cir. 1986) ("It is now well-established that a party is successful for purposes of assessing fees if he has obtained a successful result whether by judgment, settlement, or, in this case, acceptance of an offer of judgment."). Indeed, "[u]nder FLSA, an award of attorney's fees to the prevailing party is mandatory." *Amaya v. Logo Enterprises, LLC*, 251 F. Supp. 3d 196, 202 (D.D.C. 2017) (internal quotations and citations omitted).

The FLSA provides for an award of "reasonable" attorney's fees. 29 U.S.C. § 216. To determine whether a fee is reasonable, "a court must: (1) determine the number of hours

reasonably expended in litigation; (2) set the reasonable hourly rate; and (3) use multipliers as warranted." *Craig v. Mnuchin*, No. CV 14-1340 (RC), 2018 WL 6079512, at *3 (D.D.C. Nov. 21, 2018) (quoting *Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 61 (D.C. Cir. 2015)).

A fee is presumptively reasonable when it is calculated using the "lodestar" method — i.e., by multiplying the number of hours worked . . . [and] the prevailing hourly rates." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546, 552 (2010). Federal courts across the country have unanimously rejected an alternative "proportionality" method, which would tie the award of attorney's fees to the amount recovered by the Plaintiff. *See City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986) ("Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief."); *id.* at 581 (affirming award of $245,456.25 in fees and costs on recovery of $33,350.00 in § 1988 case). *See also, e.g., Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 F. App'x 341, 342 (5th Cir. 2007) ("Given the nature of claims under the F.L.S.A., it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Driscoll v. George Washington Univ.*, 55 F. Supp. 3d 106, 114 (D.D.C. 2014) (quoting *Millea v. Metro–N. R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011) ("The whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery."); *Radtke v. Caschetta*, 254 F. Supp. 3d 163, 172 (D.D.C. 2017) (internal quotation marks, citations omitted) ("[A] rule of strict proportionality is inconsistent with the policy objectives of the fee-shifting provision of the FLSA"); *id.* (awarding $310,539.28 in costs and fees in a wage and hour case with underlying damages of approximately $6,000.00). Therefore, "[a] presumptively correct "lodestar" figure should not be

reduced simply because a plaintiff recovered a low damage award." *Cowan v. Prudential Ins. Co. of Am.*, 935 F.2d 522, 526 (2d Cir. 1991).

## C.  The Laffey Matrix defines the appropriate hourly rates.

To determine the reasonableness of attorney's fees, a court must determine the "prevailing market rates in the relevant community." *Driscoll*, 55 F. Supp. 3d at 120. In FLSA cases, this Court generally uses the U.S. Attorney's Office's *Laffey* matrix to determine the market rates for attorneys' services in the District of Columbia. *See Reyes v. Kimuell*, 270 F. Supp. 3d 30, 38 (D.D.C. 2017)*; Ventura v. L.A. Howard Constr. Co.*, 139 F. Supp. 3d 462, 464 (D.D.C. 2015); *Al–Quraan v. 4115 8th St. NW, LLC,* 123 F.Supp.3d 1, 3 (D.D.C. Aug. 19, 2015) ("Many judges in this district rely on the *Laffey* matrix as an appropriate starting point for determining rates of reimbursing attorneys who bring cases under the FLSA."); *Driscoll.*, 55 F. Supp. 3d at 120; *Bradshaw v. Jefferson Grill, Inc.* 2012 WL 2803401, at *2 (D.D.C. July 10, 2012) ("[S]everal judges in this Court have relied on it as an appropriate starting point for determining rates of reimbursing attorneys who bring cases under the FLSA.").

Attorneys Justin Zelikovitz and Jonathan P. Tucker each have between eight and ten years of experience as attorneys. *See* Zelikovitz Decl. at ¶¶ 3–4. The USAO *Laffey* Matrix sets their rate at $417.00 per hour.[2] The Matrix sets the rate for paralegals and law clerks at $166.00 per hour; Plaintiff has used that rate to calculate the appropriate fees for the work of Tre Holloway, a student associate; Nicolas Wulff Gonzalez, a paralegal; and Julie Gutierrez Gomez, an administrative assistant.

As the case advanced, Plaintiff periodically updated Defendants on the amount of fees that he had incurred. Throughout those communications, Plaintiff referred to the updated Laffey

---

[2] USAO Laffey Matrix, https://www.justice.gov/usao-dc/file/796471/download

Matrix devised by this Court in *Salazar v. D.C.*, 123 F. Supp. 2d 8 (D.D.C. 2000). In *Salazar*, this Court updated the *Laffey* matrix to account for inflation, using the nationwide legal services component of the Consumer Price Index produced by the United States Department of Labor Bureau of Labor Statistics. The D.C. Circuit affirmed that decision in *Salazar ex rel. Salazar v. D.C.,* 809 F.3d 58, 65 (D.C. Cir. 2015) and declined to reverse this Court's finding that "the LSI-adjusted matrix is probably a conservative estimate of the actual cost of legal services in this area." *Id.* at 65. This Court has employed that approach in subsequent cases. *See, e.g., Hernandez v. Chipotle Mexican Grill, Inc.*, 257 F. Supp. 3d 100, 116 (D.D.C. 2017), *appeal dismissed*, No. 17-7115, 2017 WL 5258351 (D.C. Cir. Sept. 25, 2017) ("[T]he LSI Laffey Matrix properly reflects a reasonable, and conservative, estimate of the prevailing market rates, for complex federal litigation in the Washington, D.C. area."); *Makray v. Perez*, 159 F. Supp. 3d 25, 34 (D.D.C. 2016) (using the LSI-updated *Laffey* Matrix). The D.C. Council has also endorsed the LSI *Laffey* Matrix for wage-and-hour cases maintained in this District. *See* D.C. Code § 32-1308. In light of those authorities, Plaintiff could plausibly have argued that he is entitled to *Salazar* rates. However, after reading this Court's recent decision in *Craig*, 2018 WL 6079512, at *16, Plaintiff has made the strategic decision to request *Laffey* rates instead. *See* Zelikovitz Decl. at ¶ 18.

**D.  The hours billed by plaintiff's counsel are reasonable.**

Though the party seeking an award of attorney's fees bears the burden of demonstrating that the fees are reasonable, "[c]ourts should be reluctant to engage in a detailed line-by-line analysis of the fee petition to determine, like a quasi-management consultant, if plaintiffs' counsel could have accomplished particular tasks or pleadings more efficiently." *Driscoll*, 55 F.

Supp. 3d at 114 (quoting *Save our Cumberland Mountains, Inc. v. Hodel,* 651 F. Supp. 1528,

1532 (D.D.C. 1986)). As the Ninth Circuit has explained, in contingency fee cases:

> It must also be kept in mind that lawyers are not
> likely to spend unnecessary time on contingency fee
> cases in the hope of inflating their fees. The payoff
> is too uncertain, as to both the result and the amount
> of the fee. It would therefore be the highly atypical
> civil rights case where plaintiff's lawyer engages in
> churning. By and large, the court should defer to the
> winning lawyer's professional judgment as to how
> much time he was required to spend on the case;
> after all, he won, and might not have, had he been
> more of a slacker.

*Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir. 2008).

Plaintiff's counsel spent 19.3 attorney hours and 13.8 support staff hours on case

development, investigation, and administration. That included the initial intake, performing

damages calculations, and background research on Defendants and on past cases litigated by

their attorneys. *See generally* Ex. A.

Plaintiff's counsel spent 7.1 attorney hours and 3.3 paralegal hours at the pleadings stage.

That included drafting the Complaint, arranging for service of the Complaint, and reviewing

Defendants' answer and amended answer. *See generally id.*

Plaintiff's counsel spent 35.2 attorney hours and 16.2 support staff hours on written

discovery. That included drafting Requests for Admissions, Interrogatories, and Requests for

Production of Documents. It also included drafting correspondence to address Defendants'

discovery deficiencies; meeting with the plaintiff to gather documents and draft responses to

Defendants' discovery requests; and researching case law and drafting letters to forestall

Defendants' motions to compel. *See generally id.* In evaluating the reasonableness of this

request, the Court should keep in mind that the Defendants propounded thirty-eight Requests for

Production of Documents and 29 Interrogatories. *See* Zelikovitz Decl. at ¶ 24. This despite the fact that all relevant documents — paystubs and records of the Plaintiff's work schedule — were in the possession, custody and control of Defendants. *Id*. And, given the state of Defendants' records, Plaintiff could only accurately determine the damages in this case by parsing thousands of pages of records, many of them handwritten. *Id.* at ¶ 21. *See also, e.g.,* Ex. L.

Plaintiff's counsel spent 24.4 attorney hours and 0.4 support staff hours on depositions. That included noticing, preparing for, and conducting the deposition of Nigel Parkinson. And it included preparing for and presenting themselves for the deposition of Plaintiff, which Defendants were unprepared to take. *Id.* at ¶ 30. *See generally* Ex. A. In evaluating the reasonableness of this time, the Court should keep in mind that, on the eve of those depositions, Plaintiff attempted to initiate settlement talks, only to be rebuffed by Plaintiff's counsel. *See, e.g.*, Ex. G.

Plaintiff's counsel spent 26.6 attorney hours and 44.6 support staff hours defending against Defendants' two motions for discovery sanctions. Plaintiff was successful in defending against the first motion. And, though the Court never had occasion to reach the merits of their second motion, Defendants have admitted that it was largely frivolous. *See* Def.'s [sic] Response 2, ECF No. 15 ("What is driving Plaintiff's response to the motion to compel is an unwillingness to produce their fee agreement and attorney's bills."). In evaluating the reasonableness of those fees, the Court should keep in mind that Plaintiff's counsel went to great pains to avoid litigating the motions to compel. *See* Zelikovitz Decl. at ¶¶ 29–33. Mr. Holloway's time was charged at the support staff rate. *See generally* Ex. A; Zelikovitz Decl. at ¶ 5. In a typical case, the work of researching and drafting substantive motions would be performed by senior attorneys, whose *Laffey* rate would be almost three times Mr. Holloway's rate.

Plaintiff's counsel spent 4.7 attorney hours and 0.5 support staff hours preparing for and attending the discovery conference on October 9, 2018. *See generally* Ex. A.

Plaintiff's counsel spent 1.4 attorney hours and 0.6 support staff hours on miscellaneous activities. Those were primarily related to researching and responding to Defendants' two offers of judgment. *See generally* Ex. A.

In total, Plaintiff's counsel seeks compensation for 135.8 attorney hours and 107.6 support staff hours for preparing the instant fee petition.

### E.  The lodestar fee calculation yields a total of $75,702.00.

Multiplying each timekeeper's Laffey rate by the hours he or she expended yields the following totals:

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Justin Zelikovitz, Esq. (JDZ) | 68.3 | $417.00 | $28,481.10 |
| Jonathan P. Tucker, Esq. (JPT) | 67.5 | $417.00 | $28,147.50 |
| Julie Gutierrez Gomez (jgg) | 4.9 | $166.00 | $813.40 |
| Nicolas Wulff Gonzalez (nwg) | 30.5 | $166.00 | $5,063.00 |
| Tre A. Holloway (tah) | 79.5 | $166.00 | $13,197.00 |
| | | | $75,702.00 |

### F.  Plaintiff's counsel is entitled to recover $1,193.32 in costs.

A court must award costs to a prevailing FLSA plaintiff. 29 U.S.C. § 216(b). ("The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Though it is customary in FLSA cases to request reimbursement of travel costs, legal research costs, photocopies and related expenses, Plaintiff has not done so here. *Calderon v. Witvoet*, 112 F.3d 275 (7th Cir. 1997)

(holding that travel and meal expenses may be reimbursed; *Colunga v. Young*, 722 F. Supp. 1479, 1488 (W.D. Mich. 1989), *aff'd* 914 F.2d 255 (6th Cir. 1990) (holding that travel and telephone costs are recoverable under "the remedial and thus more broadly interpreted cost shifting aspect" of FLSA).

Plaintiff's counsel advanced the following costs throughout the litigation:

| Date | Vendor | Description | Total |
|------|--------|-------------|-------|
| 03/06/18 | USDC-DC | Filing Fee | $400.00 |
| 03/19/18 | SameDayProcess | Process Server - Parkinson Construction Company, Inc. - Invoice #96161 | $60.00 |
| 03/19/18 | SameDayProcess | Process Server - Nigel Parkinson - Invoice #96032 | $60.00 |
| 09/26/18 | SLR Reporting | Court Reporting for 1st depositions | $395.00 |
| 10/29/18 | USDC-DC | Transcript of Discovery Hearing | $102.85 |
| 12/05/18 | SLR Reporting | Court Reporter's Travel/Appearance Minimum Payment | $175.47 |
| | | | $1,193.32 |

Accordingly, Plaintiff requests reimbursement for costs in the amount of $1,193.32. *See Serrano v. Chicken-Out Inc.*, 209 F. Supp. 3d 179, 198 (D.D.C. 2016) (awarding "litigation costs, including the court filing fee and the cost of serving the complaint on these two Defendants.").

## CONCLUSION

Plaintiff and his counsel are acutely aware of the irony that Defendants may be required to pay his attorneys over four times the amount that Plaintiff eventually recovered. As the bills racked up, Plaintiff's counsel repeatedly attempted to settle the case, took pains to avoid briefing motions, and attempted to simplify the issues in dispute. Defendants rejected them at every turn. Defendants took a significant gamble when they decided to pay their employee illegally. They took yet another significant gamble when they refused to engage in settlement talks, filed two

motions for sanctions, demanded hundreds of pages in documents from Plaintiff, and advanced implausible legal theories. In doing so, they bet against the resilience of the Fair Labor Standards Act and against this Court's willingness to enforce its protections. That bet was doomed to fail.

For the foregoing reasons, Plaintiff respectfully requests that the Court award him $75,702.00 in attorney's fees and $1,193.32 in litigation costs.

Date: January 11, 2019                              Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*