# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ELISEO LIMA LUCERO | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 18-0515 (RC) |
| | : | | |
| v. | : | Re Document No.: | 23 |
| | : | | |
| PARKINSON CONSTRUCTION COMPANY, INC., et al. | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

On December 11, 2018, this Court entered judgment in favor of Plaintiff Eliseo Lima Lucero on his action to recover damages for overtime pay from Defendant Parkinson Construction Company under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; the Maryland Wage and Hour Law, Md. Code, Lab. & Empl. Art., § 3-401 et seq.; and the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. Art., § 3-501 et seq. *See* Final J., ECF No. 22; Compl. at 1, ECF No. 1. Plaintiff filed this Motion for an Award of Attorneys' Fees and Costs on January 10, 2019. *See* Mot. for Atty's' Fees, ECF No. 23. On January 25, 2019, this matter was referred to U.S. Magistrate Judge Robin M. Meriweather for mediation. *See* Order Setting Mediation, ECF No. 26. However, mediation did not yield a resolution on the outstanding issue. Plaintiff contends that he is entitled to receive reasonable attorneys' fees and costs under the FLSA. *See* Mot. for Atty's' Fees at 1. Defendant argues that an award of attorneys' fees and costs is unreasonable because Plaintiff "intensely litigated on false pretenses." Def.'s Response to Mot. for Att'ys' Fees at 1, ECF No. 24.

# I. LEGAL STANDARD

## A. Attorneys' Fees

Under the FLSA, a prevailing plaintiff is entitled to an award of reasonable attorneys' fees. 29 U.S.C. § 216(b); *see, e.g.*, *Driscoll v. George Washington Univ.*, 55 F. Supp. 3d 106, 111 (D.D.C. 2014). A court is to determine a reasonable fee using the "lodestar" method, whereby the number of hours reasonably expended is multiplied by a reasonable hourly rate. *See DL v. District of Columbia*, No. 18-7004, 2019 WL 2180398, at *2 (D.C. Cir. May 21, 2019) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Therefore, in assessing whether an attorneys' fees award is reasonable, a court is to (1) determine what constitutes a reasonable hourly rate, (2) assess whether the hours billed are reasonable, and (3) consider whether adjustments or multipliers to the lodestar are warranted. *See Martini v. Fed. Nat'l Mortg. Ass'n*, 977 F. Supp. 482, 484 (D.D.C. 1997) (citing *Covington v. District of Columbia,* 57 F.3d 1101, 1107 (D.C. Cir. 1995)).

### 1. Reasonable Hourly Rate

The reasonableness of an attorney's hourly rate should be considered in light of the prevailing market rates in the relevant community for lawyers with comparable skills, experience, and reputation. *See Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 62 (D.C. Cir. 2015) (citing *Covington*, 57 F.3d at 1107). "[A]ttorneys' fee matrices [are] one type of evidence that 'provide[ ] a useful starting point' in calculating the prevailing market rate." *Ventura v. L.A. Howard Constr. Co.,* 139 F. Supp. 3d 462, 463–64 (D.D.C. 2015) (citing *Eley v. District of Columbia,* 793 F.3d 97, 100 (D.C. Cir. 2015)). For example, the D.C. Circuit has established that courts may look to the *Laffey* Matrix, a schedule of appropriate fees for an attorney conducting litigation in Washington, D.C., that is based on years of experience.

*Covington,* 57 F.3d at 1105.[1] Rather than merely declaring that the use of a particular matrix is appropriate in the instant case, a plaintiff should provide the court with evidence that the matrix enumerates the prevailing rate for attorneys in "*this* community for *this* type of litigation by attorneys with comparable experience." *L.A. Howard Constr. Co.,* 139 F. Supp. 3d at 464.

### 2. Reasonable Hours Billed

To assess reasonableness, a court must also consider whether the number of hours billed for work by counsel are reasonable. The plaintiff bears the burden of establishing that the hours billed and sought for reimbursement are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Reyes v. Kimuell*, 270 F. Supp. 3d 30, 36 (D.D.C 2017) (citing *Herrera v. Mitch O'Hara LLC*, 257 F. Supp. 3d 37, 46 (D.D.C. 2017)). The fee request "must be sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Herrera,* 257 F. Supp. 3d at 47 (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).

In determining whether billed hours are reasonable, courts should exclude hours that were not reasonably expended. *Hensley,* 461 U.S. at 434. Productivity is the key factor that determines whether an attorney's time was reasonably expended. *See Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 8, 33–34 (D.D.C. 2010) (citing *Copeland*, 641 F.2d at 892). To this end, a

---

[1] The *Laffey* Matrix was established from the schedule of prevailing rates compiled in *Laffey v. Nw. Airlines, Inc.*, 572 F. Supp. 354, 371 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds, Laffey v. Nw. Airlines, Inc.*, 746 F.2d 4 (D.C. Cir. 1984), *overruled in part on other grounds, Save Our Cumberland Mountains, Inc. v. Hodel,* 857 F.2d 1516 (D.C. Cir. 1988). *See Eley*, 793 F.3d 97, 100. The original *Laffey* Matrix, which the U.S. Attorney's Office maintains and updates, adjusts rates for inflation generally using U.S. Bureau of Labor Statistics' Consumer Price Index for All Urban Consumers. *See Serrano v. Chicken-Out Inc.*, 209 F. Supp. 3d 179, 195 (D.D.C. 2016). A competing version, the LSI *Laffey* Matrix, adjusts rates for inflation of the price of legal services in particular, based on the Legal Services Index of the United States Bureau of Labor Statistics. *Id.* The LSI *Laffey* rates often "exceed those found in the USAO *Laffey* Matrix." *Id.*

court should exclude hours that are "duplicative, excessive, or otherwise unnecessary." *Bebo Foods*, 738 F. Supp. at 33–34 (citing *Copeland*, 641 F.2d at 892); *see also Herrera*, 257 F. Supp. 3d at 47; *Serrano*, 209 F. Supp. 3d at 198.

In addition, a court determining the reasonableness of hours billed may exclude time expended on motions that ultimately fail. *See Bebo Foods*, 738 F. Supp. at 33–34 (citing *Copeland*, 641 F.2d at 892). In *Reyes*, this Court found that "the hours billed by counsel were reasonable because counsel expended a reasonable amount of time on each task, were successful in all of their motions, and did not bill for duplicative work." 270 F. Supp. 3d at 38. But success is not the sole consideration. A party's fee award should not necessarily be reduced simply because that party was ultimately awarded less in damages than it initially requested, particularly where there is "no indication [plaintiff's] demands were unreasonable, frivolous, or otherwise entirely disconnected from reality." *Radtke v. Caschetta*, 822 F.3d 571, 576 (D.C. Cir. 2016).

### 3. Lodestar Adjustment

The lodestar calculation inherently encompasses most, if not all, of the factors constituting a reasonable attorney's fee. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986). Therefore, there is a strong presumption that a fee yielded by the lodestar method is reasonable. *See West v. Potter,* 717 F.3d 1030, 1033 (D.C. Cir. 2013); *Keepseagle v. Perdue*, 334 F. Supp. 3d 58, 64 (D.D.C. 2018) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 549 (2010)). The party requesting an adjustment to the lodestar amount bears the burden of justifying the proposed deviation. *Copeland*, 641 F.2d at 892.

### B. Award of Costs

In addition to a reasonable attorney's fee, a successful plaintiff is entitled to recuperate reasonable costs of the action under the FLSA. *See* 29 U.S.C. § 216. Reasonable litigation costs

that are compensable under the FLSA include costs such as court filing fees, the cost of serving process of complaint, and the cost of postage. *See Reyes*, 270 F. Supp. 3d at 39; *Serrano*, 209 F. Supp. 3d at 198; *Bebo Foods*, 738 F. Supp. 2d at 33–34.

## II. ANALYSIS

### A. Attorneys' Fees

#### 1. Reasonable Hourly Rate

Plaintiff proffers the USAO *Laffey* Matrix as evidence of attorneys' reasonable hourly rates for working on this case. Mot. for Atty's' Fees at 10. Plaintiff identifies several cases supporting his contention that this matrix is an appropriate guide for determining reasonable hourly rates here. *Id.* (citing *Reyes*, 270 F. Supp. 3d at 36; *Al-Quraan v. 4115 8th St. NW, LLC,* 123 F. Supp. 3d 1, 2 (D.D.C. 2015); *L.A. Howard Constr. Co.,* 139 F. Supp. at 464; *Driscoll,* 55 F. Supp. 3d at 120). Defendant provides no contrary evidence or argument. This Court finds that recent case law in this circuit supports the use of the USAO *Laffey* Matrix as a guide for calculating reasonable attorneys' fees awards in FLSA litigation in Washington, D.C.

At the time that they completed their work for this litigation, Plaintiff's attorneys Justin Zelikovitz and Jonathan P. Tucker had eight to ten years of experience each. *See* Mot. for Atty's' Fees, Ex. B at ¶¶ 3–4; *see also* Mot. for Atty's' Fees at 10. Under the USAO Laffey Matrix, the reasonable rate for each of their services was set at $417.00 per hour. *See* Civil Division of the United States Attorney's Office for the District of Columbia, *USAO Attorney's Fees Matrix Laffey Matrix —2015-2019*, U.S. Dep't of Justice (last visited Jun. 12, 2019), https://www.justice.gov/usao-dc/file/796471/download ("USAO *Laffey* Matrix 2015-2019"). Plaintiffs also employed a student associate, Tre Holloway; a paralegal, Nicolas Wulff Gonzalez; and an administrative assistant, Julie Gutierrez Gomez. *See* Mot. for Atty's' Fees at 10 (citing

5

Mot. for Atty's' Fees, Ex. B at ¶¶ 3–4). Using the USAO *Laffey* Matrix rate for paralegals and law clerks at the time that work for this litigation was completed, the reasonable fee for each of their services was set at $166.00 per hour. *See* USAO *Laffey* Matrix 2015-2019. Because Plaintiff correctly identified and applied the USAO *Laffey* Matrix in calculating the appropriate rates of counsel here, and Defendant has submitted no evidence or argument rebutting such rates, this Court accepts Plaintiff's proposed hourly rates as reasonable.

### 2. Reasonable Hours Billed

Plaintiff's counsel submitted detailed billing records. *See generally* Mot. for Atty's' Fees, Ex. A. The Court's examination of these records reveals no indication that counsel billed for duplicative work. Furthermore, counsel appears to have expended a reasonable amount of time on each task. A substantial number of the hours for which Plaintiff seeks reimbursement from Defendant were spent conducting discovery and responding to discovery motions filed by Defendant. *See* Mot. for Atty's' Fees, Ex. A at 1–2. More specifically, Plaintiff seeks reimbursement for 35.2 attorney hours and 16.2 staff hours spent conducting written discovery. *Id.*; Mot. for Atty's' Fees at 12. These hours are reasonable in light of the fact that Defendant submitted thirty-eight Requests for Production of Documents and twenty-nine Interrogatories. *See* Mot. for Atty's' Fees, Ex. A; Mot. for Atty's' Fees at 12. Furthermore, Plaintiff spent 26.6 attorney hours and 44.6 support staff hours responding to Defendant's motion for discovery sanctions and motion to compel discovery. *See* Mot. for Atty's' Fees, Ex. A; Mot. for Atty's' Fees at 13.

Defendant's assertion that these billed hours are not reasonable is unavailing. Generally, Defendant's arguments to reduce the hours for which Plaintiff may recover reimbursement are premised on the idea that Plaintiff intentionally "frame[d] the case for excessive billing." Def.'s

Response to Mot. for Atty's' Fees at 5. Defendant contends that Plaintiff's discovery requests were deliberately burdensome and prolonged. *See* Def.'s Response to Mot. for Atty's' Fees at 6. However, Defendant fails to support the accusation that Plaintiff's counsel "create[d] discovery disputes to enhance their possible fee award . . . ." *Id*. In fact, Defendant filed a motion for discovery sanctions, which was ultimately denied. Minute Entry, October 9, 2018.[2]

Defendant also accuses Plaintiff of deliberately filing an inaccurate complaint with an exaggerated *ad damnum* clause, pointing to the difference between the amount of damages that Plaintiff initially claimed in his Complaint ($30,480.00) and the amount of owed wages that he estimated prior to settlement discussions ($6,535.00). *See* Def.'s Response to Mot. for Atty's' Fees at 3–4. The Court is not persuaded by Defendant's contention because it fails to provide an adequate basis for the accusation that Plaintiff intentionally inflated the initial claim. *See id.* at 3–5. In addition to the conclusory assertion that the deviation in Plaintiff's estimates illustrates that he deliberately lied to rack up attorneys' fees, Defendant alternatively suggests that this discrepancy was the result of "sloppy lawyering" by Plaintiff's counsel. *See id.* at 5. But there is no indication that Plaintiff's demands were "unreasonable, frivolous, or otherwise entirely disconnected from reality," *Radtke*, 822 F.3d at 576, in a manner that would warrant a reduction in hours. Accordingly, the Court is not persuaded by Defendant's contention that the initial claim renders Plaintiff's billed hours excessive.

Similarly, Defendant blames Plaintiff for the parties' inability to settle. *See* Def.'s Response to Mot. for Atty's' Fees at 8–9. Defendant argues that it was unable to produce an Offer of Judgment earlier "given the unnecessary discovery challenges" and Plaintiff's "refusal

---

[2] Defendant also filed a motion to compel discovery. Mot. to Compel, ECF No. 13. However, both Defendant's Motion to Compel and Plaintiff's Cross Motion for Sanctions were terminated upon Final Judgment. *See* Final J., ECF No. 22; *see also* Mot. for Atty's' Fees at 13.

to provide its fee agreement and legal bills." *See id.* at 9. Defendant implies that Plaintiff intentionally prolonged litigation to bill more in attorneys' fees, but provides no foundation for this accusation. *See id.* at 8–9. And Defendant offers no explicit argument for why the parties' failure to settle itself renders Plaintiff's billed hours unproductive or necessitates a reduction in the hours for which Plaintiff is fairly compensated. *See id.* at 7–9; *Bebo Foods, Inc.*, 738 F. Supp. 2d at 34 ("The key factor to determining whether an attorney's time was reasonably expended on a case is productivity."). Again, Defendant fails to provide any legal authority or other argumentation in support of its claim that Plaintiff's billed hours are unreasonable. Defendant has failed to cite a single case in which claimed fees were reduced under similar circumstances. The Court thus accepts Plaintiff's billed hours as reasonable.

### 3. Lodestar Adjustment

Plaintiff requests $84,893.90 in attorneys' fees, which is the amount calculated via the lodestar method previously described. Pl.'s Supp. to Mot. for Award of Atty's' Fees, ECF No. 30. As the requesting party, Defendant bears the burden of justifying any reduction from this lodestar amount. *See Copeland,* 641 F.2d at 892. In arguing for a deviation from the lodestar, Defendant "urge[s]" the Court to consider the twelve "*Johnson* factors" used to adjust the lodestar in the Fourth Circuit. Def.'s Response to Mot. for Atty's' Fees at 9–10. However, Defendant fails to provide any precedential authority that would support this move.[3] Defendant

---

[3] Defendant may have intended to provide authority, but the Court is unable to discern which case Defendant is attempting to cite. The page cited at the "*Id.*" at the end of the first full paragraph is out of the page range referenced by the previous citation. Def.'s Response to Mot. for Atty's' Fees at 9–10. The previous citation also makes no reference to the *Johnson* factors. *See Keepseagle*, 334 F. Supp. 3d 58. The missing citation further cites *Barber v. Kimbrell* via parenthetical. 577 F.2d 216 (4th Cir. 1978). However, this case is neither an FLSA case nor within the D.C. Circuit. *Id.* Accordingly, this Court concludes that Defendant failed to provide authority to sustain its argument that the Court should rely on the *Johnson* factors.

8

also fails to explain why the Court should choose to adopt these factors. *See* Def.'s Response to Mot. for Atty's' Fees at 9–10. Although Defendant references the factors generally, it is unclear how these factors, if adopted, would necessitate a reduction of the fee award in this instant case. *See id*. And again, Defendant fails to identify a single case in which a court reduced claimed fees under similar circumstances based on the *Johnson* factors. Therefore, the Court rejects Defendant's contention that the fee amount produced by the lodestar method should be reduced.

### B. Award of Costs

Plaintiff requests that the Court reimburse him for $1,193.92 in costs, including fees for filing, process server, court reporting, and postage. Mot. for Atty's' Fees at 15. These costs are of the type typically compensable under the FLSA. *See Reyes*, 270 F. Supp. 3d at 39; *Serrano*, 209 F. Supp. 3d at 198; *Bebo Foods*, 738 F. Supp. 2d at 33–34. Defendant has not challenged any of these costs nor has it provided the Court with any cases or arguments indicating that an award of these costs is inappropriate. The Court finds that these costs are reasonable and will reimburse Plaintiff for the full amount of costs requested.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for award of attorneys' fees and costs is **GRANTED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: July 1, 2019                                       RUDOLPH CONTRERAS
                                                          United States District Judge