IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELISEO LIMA LUCERO, | * |
| Plaintiff, | * Case No.: 18-00515 |
| v. | * |
| PARKINSON CONSTRUCTION, INC., | * |
| Defendant. | * |

* * * * * * * * * * * * *

**RESPONSE OF PREMIER BANK, INC. TO PLAINTIFF'S TRAVERSE TO ANSWER TO WRIT OF ATTACHMENT FILED BY GARNISHEE PREMIER BANK, INC.**

Premier Bank, Inc. ("Premier"), by its undersigned counsel, Richard L. Costella and Tydings & Rosenberg LLP, hereby files its Response (the "Response) to the Plaintiff's Traverse to Answer to Writ of Attachment filed by Garnishee Premier Bank, Inc. (the "Traverse"). In support of it Response, Premier states as follows:

**BACKGROUND**

Premier is a secured creditor of the Defendant, Nigel Parkinson ("Mr. Parkinson"), pursuant to certain loan facilities extended to Mr. Parkinson and his related companies. Mr. Parkinson does not maintain any accounts with Premier.

Premier does not have a lending relationship with Defendant Parkinson Construction, Inc. ("Parkinson Construction"), but Parkinson Construction does maintain accounts with Premier.

**THE WRITS**

On August 7, 2019 the Plaintiff attempted to serve Premier with two Writs of Attachment on Judgment Other Than Wages, Salary, and Commissions (collectively, the "Initial Writs").

The Initial Writs were not served on Premier's Resident Agent, CT Corporation, or on an officer of Premier. Instead, the Plaintiff attempted to serve the Initial Writs on Premier by delivering a copy of them to an accounting manager at Premier's offices located at 1501 K Street, N.W., Washington, D.C. 20005. The Initial Writs sought the garnishment of any account held at Premier in the name of Mr. Parkinson and Parkinson Construction.

On August 9, 2019, and prior to Premier's deadline for responding to the Initial Writs, the Plaintiff attempted to serve a second Writ of Attachment on Judgment Other Than Wages, Salary, and Commissions (the "Subsequent Writs") on Premier. The Subsequent Writs were served on CT Corporation on August 9, 2019 and were transmitted to Premier at its headquarters in Madison, West Virginia on August 13, 2019. *See* Receipt of Delivery attached hereto as **Exhibit A.**

Premier responded to the Subsequent Writs on August 14, 2019 by stating that Premier held $512.49 in accounts in the name of Parkinson Construction.[1] The amount Premier reported as being held in the Parkinson Construction accounts was the balance of said accounts at the close of business on August 13, 2019; the day that the Subsequent Writs were received by Premier at its West Virginia headquarters. *See Consumers United Ins. Co. v. Smith,* 644 A.2d 1328, 1356 (D.C. 1994) (concluding that "a writ of garnishment covers only the property of the debtor in the hands of the garnishee *at the time the writ is served*") (emphasis added).

## THE TRAVERSE

In the Traverse, the Plaintiff alleges that Premier's response to the Subsequent Writs were either inaccurate or misleading. First of these allegations is that Premier failed to report a $70,000 wire transfer that was made on August 12, 2019 from an account of Parkinson Construction to a Premier depository account in the name of 2414 Morgan Development, LLC.

---

[1] Premier holds no accounts in Mr. Parkinson's name.

The Plaintiff's allegations in this regard are erroneous as the $70,000 transfer did not originate from the Parkinson Construction account at Premier, but actually came from a Parkinson Construction account at another financial institution. Therefore, the account balances held in the Parkinson Construction accounts at Premier was accurately reported when Premier responded to the Subsequent Writs.

The Plaintiff also alleges in the Traverse that in answering the Subsequent Writs, Premier failed to report a $20,000 wire that went into a Parkinson Construction account at Premier on August 14, 2019. The gist of this allegation is that Premier should have reported the $20,000 in the balances of the Parkinson Construction accounts when Premier answered the Subsequent Writs on August 14, 2019. As explained above, Premier answered the Subsequent Writs on August 14, 2019, but reported the balances of the Parkinson Construction accounts as of the close of business on August 13, 2019; *i.e.,* Premier reported the account balances as of the day Premier received the Subsequent Writs from its resident agent CT Corporation.

Therefore, under the well settled law of the District of Columbia, Premier was under no obligation to report the $20,000 transfer made on August 14th as it was made after the date that Premier was served and Premier was only obligated to report the account balances as of that date. *See Consumers United Ins. Co. v. Smith,* 644 A.2d 1328, 1356 (D.C. 1994) (citing favorably to *Johnson v. Dutch Mill Dairy, Inc.,* 237 Minn. 117, 54 N.W.2d 1, (1952)). *But see Internat'l Bedding Co. v. Terminal Warehouse Co.,* 146 Md. 479, 126 A. 902, 905 (1924) (contrary to general rule, attachment in Maryland binds all property or credits of debtor in hands of garnishee or which may come into garnishee's hands after laying attachment and before trial).

## **CONCLUSION**

For all of the foregoing reasons, Premier Bank, Inc. respectfully requests that this Court enter an Order:

(i) Denying the relief requested in the Traverse;

(ii) Granting Premier Bank, Inc. an award of the costs and attorneys' fees incurred in responding to the Traverse;

(iii) Compelling Plaintiff to pay Premier Bank, Inc.'s costs and attorneys' fees pursuant to D.C. Code §16–553 (2019);

(iv) Granting such other and further relief as this Court deems proper and just.

Date: September 23, 2019.  Respectfully Submitted,

        */s/ Richard L. Costella*
        Richard L. Costella, Esquire
        Federal Bar No.: MD14095
        Tydings & Rosenberg LLP
        One East Pratt Street, Suite 901
        Baltimore, Maryland 21202
        Direct Phone: (410) 752-9772
        Facsimile: 410.727.5460
        Email: rcostella@tydingslaw.com

        *Counsel for Premier Bank, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of September, 2019 a copy of the foregoing ***RESPONSE*** was served electronically, via this Court's CM/ECF system, on all parties registered to receive electronic noticing in this case.

Jonathan Philip Tucker, Esquire
DCWAGE LAW
519 H Street N.W.
Washington, DC 20001
Email: jonathan@dcwagelaw.com

Justin Derek Zelikovitz, Esquire
DCWAGE LAW
519 H Street N.W.
Washington, DC 20001
Email: justin@dcwagelaw.com

Timothy P. Leahy, Esquire
BYRD & BYRD, LLC
14300 Gallant Fox Lane, Suite 120
Bowie, MD 20715
Email: tleahy@byrdandbyrd.com


        */s/ Richard L. Costella*
        Richard L. Costella

#3365708v.1