# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELISEO LIMA LUCERO <br><br> Plaintiff, <br><br> v. <br><br> PARKINSON CONSTRUCTION COMPANY, INC., et al. <br><br> Defendants. | Case No. 1:18-cv-00515-RC |

## PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND COSTS

JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*

# TABLE OF CONTENTS

**BACKGROUND** ......................................................................................................... **3**

    A.   Defendants filed a meritless appeal, then failed to prosecute the appeal...................... 4

    B.   Defendants stonewalled Plaintiff's post-judgment collections efforts. ....................... 4

**ARGUMENT** .............................................................................................................. **5**

    A.   Plaintiff is entitled to fees for the appeal. ................................................................ 5

    B.   Plaintiff is entitled to costs and fees for post-judgment collections. ........................... 6

    C.   The Laffey Matrix defines the appropriate hourly rates. .............................................. 8

**CONCLUSION** ........................................................................................................... **9**

# INTRODUCTION

After entering judgment for the Plaintiff, the Court awarded attorney's fees and costs to Plaintiff's counsel. Plaintiff now requests a supplemental fee award for the time and costs expended by his counsel in effectuating the judgment. That includes the time spent locating and seizing Defendants' assets after they refused to make voluntary payments; preparing for a frivolous appeal before the D.C. Circuit; and litigating post-judgment discovery disputes before the Magistrate Judge.

Under the Fair Labor Standards Act, a prevailing plaintiff is entitled to recover attorney's fees. That includes fees for appeals and post-judgment collection efforts and successful appeals. Were it otherwise, employers who cheat their workers would face the incentive to delay litigation through dilatory tactics, frivolous appeals, and general tomfoolery.

In this case, Defendants appealed this Court's judgment, then ignored the D.C. Circuit's multiple orders to file a merits brief; they moved assets between their bank accounts to stymie Plaintiff's collection efforts; and they ignored post-trial discovery requests, causing the Magistrate Judge to compel their compliance. Nov. 12, 2019 Minute Order. The FLSA requires them to pay for the legal fees and costs caused by those tactics.

# BACKGROUND

On December 11, 2018, the Court entered judgment for Plaintiff Eliseo Lima Lucero on his claim for back wages. *See* ECF No. 22. Because this is a fee-shifting case, the Court also ordered Mr. Lima Lucero's former employers to pay attorney's fees. *See* ECF No. 32. Almost a year after the Court's orders — and after an appeal to the D.C. Circuit, multiple Writs of Garnishment and Execution against Defendants' assets, and extensive motions practice and post-trial

discovery — Plaintiffs have finally recovered the judgment principal (Defendants have yet to pay interest).

## A. Defendants filed a meritless appeal, then failed to prosecute the appeal.

After the Court ruled on Plaintiff's motion for attorneys' fees, Defendants noticed an appeal to the D.C. Circuit. *See* ECF Nos. 33, 34. The D.C. Circuit entered a scheduling order requiring Defendants' counsel to enter an appearance by September 3, 2019. *See* Order, Aug. 1, 2019. The Clerk also wrote to defense counsel, inviting him to apply for admission to that Court. *See* Letter, Jul. 31, 2019. Defendants ignored the scheduling order and never responded to the Clerk's letter. After warning them once and extending the deadline on its own initiative, the Court of Appeals dismissed the case for want of prosecution on November 25, 2019. *See* Order, Nov. 25, 2019. Defendants never formally withdrew their appeal — and, worse yet, they never notified Plaintiff that they did not intend to move forward.

In the meantime, Plaintiff's counsel spent time and money corresponding with defense counsel regarding the appeal; docketing applicable deadlines; preparing and filing papers; researching preliminary procedural matters; compiling a joint appendix; corresponding with D.C. Circuit personnel; and coordinating among themselves about appellate procedure and strategic considerations.

## B. Defendants stonewalled Plaintiff's post-judgment collections efforts.

After the Court entered judgment, Plaintiff requested two writs of attachment on Defendants' bank accounts. *See* ECF No. 38. Then, after Plaintiff attempted service of those writs, Defendants transferred $70,000 to an affiliated corporation and continued to conceal their assets. *See, e.g.*, ECF No. 40 and related exhibits.

Once Plaintiff located Defendants' assets, his counsel spent several months requesting numerous writs of attachment, *see* ECF Nos. 37–39, 45–47, 49, and seeking judgments to release the attached funds, ECF Nos. 50, 51. All the while, Defendants neglected to answer post-judgment interrogatories and for several months refused to sit for a court-ordered deposition. *See* ECF No. 43 at 2; ECF No. 62; Nov. 12, 2019 Minute Order.

On February 13, 2020, after four months, the Magistrate Judge terminated the referral, finding that "all post-judgment collection efforts which were pending at the time of the referral of this action have been completed." *See* Minute Order, Feb. 13, 2020. In other words, that order addressed the question of fees and costs up to October 3, 2019. Concluding that Plaintiff has successfully collected the amount in controversy as of October 3, 2019, the Magistrate Judge declined to determine whether Plaintiff was entitled to fees beyond that point. That question is now ripe for resolution.

## ARGUMENT

As detailed below, Plaintiff's attorneys and their staff collectively spent 80.8 hours over ten months collecting on the Court's judgment and defending against a meritless appeal. Plaintiff has also incurred an additional $431.83 in post-judgment costs. Accordingly, Plaintiff requests that the Court award him $40,797.33 in attorney's fees and $431.83 in costs.

### A.   Plaintiff is entitled to fees for the appeal.

Time spent on successful appeal efforts is compensable under the FLSA. *Radtke*, 254 F. Supp. 3d at 177 (on remand, awarding an additional $126,000.00 to plaintiffs for their successful appellate work). Defendants unsuccessfully appealed this Court's fee award to the United States Court of Appeals for the D.C. Circuit, causing counsel and his staff to expend an additional 11.6 hours over nearly a year while the appeal was pending. *See generally* Ex. A.

It makes no difference that Defendants failed to perfect their appeal. After all, it was Defendants who took the appeal, and who could have withdrawn their appeal at any moment. Plaintiff still had to prepare and file filings in response to the scheduling order. And his counsel had a professional obligation to study the factual record and the Rules of Appellate Procedure, calendar deadlines, and begin research on the issues presented. Counsel has not billed time for writing elaborate appellate briefs or for organizing moot court sessions. Defendants noticed their appeal on July 23, 2019; the Court of Appeals did not issue its mandate until January 9, 2020. In six months, counsel and his staff billed just 11.6 hours preparing for the eventual appellate case. That time was reasonable, and it was "brought on by defendants themselves." *Radtke*, 254 F. Supp. 3d at 177.

## B.  Plaintiff is entitled to costs and fees for post-judgment collections.

Under the Fair Labor Standards Act ("FLSA"), a prevailing plaintiff is entitled to recover reasonable attorney's fees and litigation costs. *See* 29 U.S.C. § 216(b) ("The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). *See also Amaya v. Logo Enterprises, LLC*, 251 F. Supp. 3d 196, 202 (D.D.C. 2017) ("Under [the] FLSA, an award of attorney's fees to the prevailing party is mandatory.") (internal quotations and citations omitted). A fee is presumptively reasonable when calculated using the "lodestar" method — i.e., by multiplying the number of hours worked . . . [and] the prevailing hourly rates." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546, 552 (2010). *See also DL v. District of Columbia*, No. 18-7004, 2019 WL 2180398, at *2 (D.C. Cir. May 21, 2019) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Three steps are necessary to adjudicate a fee petition: first, the Court should determine a reasonable hourly rate; second, the court should assess whether the hours billed by the attorney are reasonable; and third, the court should consider whether any adjustments are necessary. *See Martini v. Fed. Nat'l Mortg.*

*Ass'n*, 977 F. Supp. 482, 484 (D.D.C. 1997) (citing *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)).

Fees and expenses for post-judgment collections are compensable under the FLSA. *See Jackson v. Egira, LLC*, No. CV RDB-14-3114, 2017 WL 4162128, at *4 (D. Md. July 28, 2017) (awarding fees to plaintiff's counsel for, among other things, the time spent securing writs of garnishment, preparing a motion for default judgment, defending against a motion to reconsider, and defending the court's fee award on appeal); *Van Dyke v. BTS Container Serv., Inc.*, No. CIV. 08-561-KI, 2010 WL 56109, at *1 (D. Or. Jan. 4, 2010) ("I conclude that the FLSA also allows me to award post-judgment collection fees. Without such an award, a judgment is a hollow victory for a plaintiff who was improperly paid."); *Bleyenberg v. D&N Masonry, Inc.*, No. 2:12-CV-777, 2015 WL 5449855, at *1 (S.D. Ohio Sept. 16, 2015) ("An underpaid worker . . . is permitted to file a supplemental motion for attorney's fees related to post-judgment collections efforts in a wage-and-hour dispute."); *Keith v. Volpe*, 643 F. Supp. 37, 41 (C.D. Cal. 1985), *aff'd*, 833 F.2d 850 (9th Cir. 1987) ("When statutory or equitable entitlement to court-awarded fees for legal work on the merits has been established, a court may award fees for time spent after final judgment monitoring and in other ways effectuating the judgment.").

Here, Plaintiff's counsel spent a total of $431.83 on service costs, postage, and related costs. *See* Ex. A. *Cf. Jackson*, 2017 WL 4162128, at *5 (awarding post-judgment "mailing expenses, recording fees, and filing fees."). Because those expenses were necessary to effectuate the Court's judgment, they were "reasonable" within the meaning of the FLSA and should now be taxed against Defendants. *Cf. Blackman v. D.C.*, 390 F. Supp. 2d 16, 20 (D.D.C. 2005) (in a Section 1983 case, holding that fees for post-judgment work was compensable "[g]iven the persistent difficulties experienced by plaintiff" in effectuating the Court's judgment).

Counsel and their staff also spent over seventy hours preparing multiple writs of garnishment to seize funds; filing a "traverse" (an arcane adversarial proceeding that contests the accuracy of a response to a writ) contesting the answers to one of those writs; corresponding and negotiating with defense counsel and counsel for the banks where Defendants' assets were held; noticing Defendants' deposition and propounding detailed post-judgment written discovery on Defendants; drafting and litigating a motion to compel once Defendants refused to either appear for a deposition or respond to written discovery requests; preparing for and attending three discovery hearings caused by Defendants' dilatory tactics; and, finally, preparing the instant motion. *Cf. Blackman*, 390 F. Supp. 2d at 20 (D.D.C. 2005); *Envtl. Def. Fund, Inc. v. Envtl. Prot. Agency*, 672 F.2d 42, 62 (D.C. Cir. 1982) (holding, in the context of a different fee-shifting statute, that "time reasonably devoted to obtaining attorneys' fees in the context of litigation where the court must be petitioned for such an award is itself subject to an award of fees.").

## C.  The Laffey Matrix defines the appropriate hourly rates.

The Court has already determined that "recent case law in this circuit supports the use of the USAO Laffey Matrix as a guide for calculating reasonable attorneys' fees awards in FLSA

litigation in Washington, D.C." ECF No. 33 at 5.[1] Accordingly, counsel has calculated their fees using the following *Laffey* rates:

| Timekeeper | Years of Experience | Rate |
|---|---|---|
| Justin Zelikovitz, Esq. (JZ) | 12 | $510.00 |
| Jonathan P. Tucker, Esq. (JPT) | 11 | $510.00 |
| Julie Gutierrez Gomez (JG) | n/a | $173.00 |
| Nicolas Wulff Gonzalez (NW) | n/a | $173.00 |
| Norma Sanchez-Canales (NS)[2] | n/a | $173.00 |

*See* Dec. of Justin Zelikovitz, Esq., ECF No. 23, Ex. B at ¶¶ 3–7. The Court has already approved the use of the *Laffey* rates over Defendants objections. ECF No. 33 at 5. Those rates are now the law of the case and need not be revisited.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court award him $40,365.50 in attorney's fees and $431.83 in costs.

---

[1] *See* USAO *Laffey* Matrix, https://www.justice.gov/usao-dc/page/file/1189846/download

[2] Norma Sanchez-Canales, who was not mentioned in the initial fee petition, is a newly hired receptionist employed by Plaintiff's counsel.

Date: May 3, 2020                     Respectfully submitted,

                                      /s/ Justin Zelikovitz
                                      JUSTIN ZELIKOVITZ, #986001
                                      DCWAGELAW
                                      519 H Street NW
                                      Washington, DC 20001
                                      Phone: (202) 803-6083
                                      Fax: (202) 683-6102
                                      justin@dcwagelaw.com

                                      *Counsel for Plaintiff*