**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ELISEO LIMA LUCERO,               :
                                  :
        Plaintiff,                :        Civil Action No.:    18-515 (RC)
                                  :
    v.                            :        Re Document Nos.:    71, 73
                                  :
PARKINSON CONSTRUCTION            :
COMPANY, INC., *et al.*,          :
                                  :
        Defendants.               :

**<u>MEMORANDUM OPINION</u>**

**G**RANTING IN **P**ART **P**LAINTIFF'S **S**UPPLEMENTAL **M**OTION FOR **A**TTORNEYS' **F**EES AND
**C**OSTS; **D**ENYING **D**EFENDANTS' **M**OTION FOR **S**ANCTIONS

## I.  INTRODUCTION

        Before the Court is Plaintiff's Supplemental Motion for Attorneys' Fees and Defendants'

Motion for Sanctions.  *See* Supp. Mot. Atty's' Fees ("May 3 Mot."), ECF No. 71.; Mot.

Sanctions, ECF No. 73.[1]  Plaintiff asks the Court for a supplemental award based on preparations

to address an unprosecuted appeal and for collection efforts over the course of about eight

months after this Court granted Plaintiff's motion for attorneys' fees.  Defendants respond with a

motion for sanctions and argue that Plaintiff's requests are unreasonable.  Because the Court

generally finds Plaintiff's request for fees to be reasonable, the Court grants in part Plaintiff's

motion and denies Defendants' motion.

## II.  PROCEDURAL BACKGROUND

        On July 1, 2019, this Court awarded Plaintiff's counsel attorneys' fees in the amount of

$84,893.90 and costs in the amount of $1,193.92.  *See* Order Mot. Att'ys' Fees, ECF No. 32.  In

---

[1] Defendants' Motion for Sanctions is included in Defendants' Response to Plaintiff's Supplemental Motion for
Attorneys' Fees and Motion for Sanctions ("May 22 Resp."), ECF No. 72, but occupies a separate docket number.

an effort to collect on the judgment, on August 5, 2019, Plaintiff sought a series of writs of attachment. *See* Application for Writ, ECF No. 37. This Court referred the case to Magistrate Judge Deborah A. Robinson for full case management of all post-judgment collection efforts, including post-judgment discovery, on October 3, 2019. *See* Order Referring Case to Magistrate Judge, ECF No. 48. After experiencing continued difficulty securing the awarded fees, Plaintiff propounded post-judgment interrogatories on Defendants and eventually, after Defendants failed to respond, moved to compel answers to the discovery requests. *See* Mot. Compel at 2, ECF No. 53.

In a November 21, 2019 Minute Order, Magistrate Judge Robinson instructed Defendants to serve their answers to Plaintiff's interrogatories no later than December 9, 2019. *See* Min. Order, Nov. 21, 2019. However, on that day, Defendants tendered the full remaining balance to Plaintiff and filed a "Motion to Order Discovery as Moot." *See* Mot. for Order, ECF No. 60. Despite receiving payment, Plaintiff continued to pursue discovery and filed a motion seeking fees incurred due to Defendants' failure to cooperate in discovery for $6,824.90. *See* Mot. Att'ys' Fees ("Dec. 27 Mot."), ECF No. 66. But because Defendants had made payment on December 9, Magistrate Judge Robinson vacated the Court's November 21 Minute Order compelling discovery and denied Plaintiff's Motion for Attorneys' Fees as moot. *See* Min. Order, Feb. 13, 2020. Additionally, Magistrate Judge Robinson stated that "all post-judgment collection efforts which were pending at the time of the referral of this action have been completed, the Clerk will terminate the referral." *Id.* As of the February 13 order, Plaintiff had not yet sought reimbursement for post-judgment collection efforts.

Alongside the collection efforts, Defendants filed a notice of appeal on July 23, 2019. *See* Notice of Appeal, ECF No. 34. Instead of prosecuting the appeal, Defendants left it pending

for nearly six months, at which point, after failing to respond to an order to show cause why the appeal should not be dismissed, the D.C. Circuit dismissed the case for lack of prosecution.  *See* USCA Mandate, ECF No. 67-1.  Before the present motion, Plaintiff had not yet sought reimbursement for fees associated with the appeal.

On May 3, 2020, Plaintiff filed the present Motion for Attorneys' Fees, seeking an additional award of $40,365.50 in attorneys' fees and $431.83 in costs for effectuating judgment under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").  *See* May 3 Mot. at 9. Plaintiff's counsel attributes the supplemental request to time spent locating and seizing Defendants' assets after Defendants failed to voluntarily pay the award; preparing for Defendants' unprosecuted appeal before the D.C. Circuit; and litigating post-judgment discovery before the Magistrate Judge.  *Id.* at 5, 8.  On May 29, 2020, in accordance with the Magistrate Judge's February 13 order, Plaintiff voluntarily reduced his fee petition by $6,069.00, which reflected the discovery-related fees incurred after Defendant had tendered payment on December 9, 2019.  *See* Pl.'s Reply Mot. Att'ys' Fees and Opp'n Mot. Sanctions at 1 ("Pl.'s Reply"), ECF No. 74; Min. Order, Feb. 13, 2020.  Plaintiff now requests that this Court reimburse him for attorneys' fees and costs in the total amount of $34,728.33.  *See* Pl.'s Reply at 2.  Defendants contend that this court should deny Plaintiff's motion because Plaintiff's fees are unreasonable. *See* May 22 Resp. at 1–2.

Also pending before the Court is Defendants' Motion for Sanctions filed on May 22, 2020.  Defendants argue that sanctions against Plaintiff's counsel are appropriate under 28 U.S.C. § 1927 because Plaintiff overestimated unpaid wages in his complaint and sought discovery after Defendants tendered payment in full on December 9, 2019.  *See* May 22 Resp. at

1–2.  Plaintiff opposes and argues that Plaintiff's counsel's conduct does not reach the threshold

denoted by Section 1927.  *See* Pl.'s Reply at 7.  The Court addresses each motion in turn.

### III.  MOTION FOR A SUPPLEMENTAL AWARD OF ATTORNEYS' FEES AND COSTS

#### A.  Legal Standard

1.  Attorneys' Fees

Under the FLSA, a prevailing plaintiff is entitled to an award of reasonable attorneys'

fees. 29 U.S.C. § 216(b); *see, e.g.*, *Driscoll v. George Washington Univ.*, 55 F. Supp. 3d 106,

111–12 (D.D.C. 2014).  This award may include attorneys' fees incurred as a result of post-

judgment collection efforts.  *See Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Jersey*

*City Healthcare Providers, LLC*, 358 F. Supp. 3d 12, 28 (D.D.C. 2019) (awarding fees for "all

time spent by legal counsel in collection efforts"); *Jackson v. Egira, LLC*, No. 14-cv-3114, 2017

WL 4162128, at *4 (D. Md. July 28, 2017) ("In light of the protracted litigation that has occurred

since this Court's entry of Judgment . . . and the extensive collection efforts of Plaintiffs'

counsel, Plaintiffs' request for a supplemental fee award as to Defendants . . . is reasonable.");

*Van Dyke v. BTS Container Serv., Inc.*, No. 08-cv-561, 2010 WL 56109, at *1 (D. Or. Jan. 4,

2010) ("I conclude that the FLSA also allows me to award post-judgment collection fees.

Without such an award, a judgment is a hollow victory for a plaintiff who was improperly

paid.").

A court is to determine a reasonable fee using the "lodestar" method, whereby the

number of hours reasonably expended is multiplied by a reasonable hourly rate.  *See DL v.*

*District of Columbia*, 924 F.3d 585, 588 (D.C. Cir. 2019) (citing *Blum v. Stenson*, 465 U.S. 886,

895 n.11 (1984)).  Therefore, in assessing whether an attorneys' fees award is reasonable, a court

is to (1) determine what constitutes a reasonable hourly rate, (2) assess whether the hours billed

are reasonable, and (3) consider whether adjustments or multipliers to the lodestar are warranted.

*See Martini v. Fed. Nat'l Mortg. Ass'n*, 977 F. Supp. 482, 484 (D.D.C. 1997) (citing *Covington*

*v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)).

*a.  Reasonable Hourly Rate*

The reasonableness of an attorney's hourly rate should be considered in light of the

prevailing market rates in the relevant community for lawyers with comparable skills,

experience, and reputation.  *See Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 62

(D.C. Cir. 2015) (citing *Covington*, 57 F.3d at 1107).  "[A]ttorneys' fee matrices [are] one type

of evidence that 'provide[] a useful starting point' in calculating the prevailing market rate."

*Ventura v. L.A. Howard Constr. Co.*, 139 F. Supp. 3d 462, 463–64 (D.D.C. 2015) (quoting *Eley*

*v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015)).  For example, the D.C. Circuit has

established that courts may look to the *Laffey* Matrix, a schedule of appropriate fees for an

attorney conducting litigation in Washington, D.C., that is based on years of experience.

*Covington*, 57 F.3d at 1109.[2]  Rather than merely declaring that the use of a particular matrix is

appropriate in the instant case, a plaintiff should provide the court with evidence that the matrix

enumerates the prevailing rate for attorneys in "this community for this type of litigation by

attorneys with comparable experience."  *L.A. Howard Constr. Co.*, 139 F. Supp. 3d at 464.

---

[2] The *Laffey* Matrix was established from the schedule of prevailing rates compiled in *Laffey v. Nw. Airlines, Inc.*, 572 F. Supp. 354, 371 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *overruled in part on other grounds, Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516 (D.C. Cir. 1988).  *See Eley*, 793 F.3d 97, 100.  The original *Laffey* Matrix, which the U.S. Attorney's Office maintains and updates, adjusts rates for inflation generally using U.S. Bureau of Labor Statistics' Consumer Price Index for All Urban Consumers.  *See Serrano v. Chicken-Out Inc.*, 209 F. Supp. 3d 179, 195 (D.D.C. 2016).  A competing version, the LSI *Laffey* Matrix, adjusts rates for inflation of the price of legal services in particular, based on the Legal Services Index of the United States Bureau of Labor Statistics.  *Id.*  The LSI *Laffey* rates often "exceed those found in the USAO Laffey Matrix."  *Id.*

### b. Reasonable Hours Billed

A court must also consider whether the number of hours billed for work by counsel are reasonable. The plaintiff bears the burden of establishing that the hours billed and sought for reimbursement are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Reyes v. Kimuell*, 270 F. Supp. 3d 30, 37 (D.D.C 2017) (citing *Herrera v. Mitch O'Hara LLC*, 257 F. Supp. 3d 37, 46 (D.D.C. 2017)). The fee request "must be sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Herrera*, 257 F. Supp. 3d at 47 (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).

In determining whether billed hours are reasonable, courts should exclude hours that were not reasonably expended. *Hensley*, 461 U.S. at 434. Productivity is the key factor that determines whether an attorney's time was reasonably expended. *See Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 8, 33–34 (D.D.C. 2010) (citing *Copeland v. Marshall*, 641 F.2d 880, 892 (D.C. Cir. 1980)). To this end, a court should exclude hours that are "duplicative, excessive, or otherwise unnecessary." *Id.*; *see also Herrera*, 257 F. Supp. 3d at 47; *Serrano*, 209 F. Supp. 3d at 198.

### c. Lodestar Adjustment

The lodestar calculation inherently encompasses most, if not all, of the factors constituting a reasonable attorney's fee. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986). Therefore, there is a strong presumption that a fee yielded by the lodestar method is reasonable. *See West v. Potter*, 717 F.3d 1030, 1034 (D.C. Cir. 2013); *Keepseagle v. Perdue*, 334 F. Supp. 3d 58, 64 (D.D.C. 2018) (citing *Perdue v. Kenny A. ex rel.*

*Winn*, 559 U.S. 542, 552 (2010)).  The party requesting an adjustment to the lodestar amount

bears the burden of justifying the proposed deviation.  *Copeland*, 641 F.2d at 892.

### d.  Award of Costs

In addition to reasonable attorneys' fees, a successful plaintiff is entitled to recover

reasonable costs of the action under the FLSA.  *See* 29 U.S.C. § 216(b).  Reasonable litigation

costs that are compensable under the FLSA include costs such as court filing fees, the cost of

serving process of complaint, and the cost of postage.  *See Reyes*, 270 F. Supp. 3d at 39; *Serrano*,

209 F. Supp. 3d at 198.

### B.  Analysis

#### 1.  Attorneys' Fees

##### a.  Reasonable Hourly Rate

Plaintiff again proffers the USAO *Laffey* Matrix as evidence of attorneys' reasonable

hourly rates for working on this case.  *See* May 3 Mot. at 8–9.  For the reasons outlined in this

Court's prior Memorandum Opinion, the Court approves Plaintiff's use of the USAO *Laffey*

Matrix as a guide for calculating reasonable attorneys' fees awards in FLSA litigation in

Washington, D.C.  *See* Mem. Op. at 5–6, ECF No. 33.  Defendants have submitted no evidence

or argument rebutting the rates proposed by Plaintiff.  As such, the Court accepts Plaintiff's

proposed hourly rates as reasonable.  The reasonable rate for the attorneys working on this case

is $510.00 per hour and the reasonable rate for the support staff is $173.00 per hour.  *See* Civil

Division of the United States Attorney's Office for the District of Columbia, *USAO Attorney's

Fees Matrix Laffey Matrix —2015-2020*, U.S. Dep't of Justice, https://www.justice.gov/usao-

dc/page/file/1189846/download (last visited Jun. 27, 2020) ("USAO Laffey Matrix 2015-2020");

May 3 Mot. at 9.

*b. Reasonable Hours Billed*

Plaintiff seeks to recover reasonable attorneys' fees and costs associated with his efforts to satisfy judgment entered in this matter, including preparation for Defendants' unprosecuted appeal, and other post-judgment collection efforts.[3]  *See* May 3 Mot.  The Court will address each request separately.

i.  Attorneys' Fees for Defendants' Notice of Appeal

Plaintiff seeks reimbursement for 11.8 hours in legal fees[4] associated with Defendants' notice of appeal.  *See* May 3 Mot. Ex. A.  In support of this request, Plaintiff's counsel has provided billing records which detail tasks associated with the unprosecuted appeal.  *See id.*  The Court has no reason to question Plaintiff's time entries and Defendants fail to address this issue in their response.  Defendants do suggest that the fees associated with the appeal are unreasonable in a surreply filed nearly three weeks after Plaintiff's reply.  *See* Defs.' Surreply at 3, ECF No. 75.  But the "purpose of a surreply is to enable the non-movant to contest matters presented for the first time in the opposing party's reply."  *Nix El v. Williams*, 174 F. Supp. 3d 87, 92 (D.D.C. 2016).  Defendants had a full opportunity to contest Plaintiff's request for fees associated with the appeal in their initial opposition; their attempts to "advance this argument for the first time in [their] Surreply is therefore inappropriate and need not be considered."  *Rivera v. Rosenberg & Associates, LLC*, 142 F. Supp. 3d 149, 160 (D.D.C. 2015) (quoting *Saunders v. District of Columbia*, 711 F. Supp. 2d 42, 63 (D.D.C. 2010)).

---

[3] Plaintiff's initial Supplemental Motion for Attorneys' Fees and Costs included $6,069.00 in fees for litigating post-judgment discovery incurred after Defendants tendered full payment on December 9, 2019.  *See* May 3 Mot. at 3. Attorneys' fees associated with post-judgment discovery were denied by the Magistrate Judge on February 13, 2020. *See* Min. Order, Feb. 13, 2020; May 3 Mot. Ex. A.  Plaintiff subsequently reduced his fee petition by $6,069.00 in discovery-related fees.  *See* Pl.'s Reply at 2.
[4] Plaintiff claims 11.6 hours in his Motion for Supplemental Attorneys' Fees and Costs.  *See* May 3 Mot. at 5. However, according to Plaintiff's billing records, the correct figure is 11.8 hours.  *See* May 3 Mot. Ex. A.

However, even considering the arguments made in Defendants' surreply, the Court finds that certain fees associated with the potential appeal are reasonable.[5]  Specifically, the Court finds that Plaintiff's counsel reasonably spent 5.8 hours reviewing filings and responding to orders issued by the appellate court clerk.  *See* May 3 Mot. Ex. A ("Review of NOA; D.C. Circuit Rules, and Admission Procedures;" "Mtg. [with] Justin about joint appendix for appeal;" "Deliver instructions to N. Sanchez re: compiling joint appendix;" "Review of deadlines and docket; Draft and file NOA and Certificate Re: Parties, Ruling, and Related Cases;" etc.).  These entries reflect work that Plaintiff necessarily had to complete upon the filing of the notice of appeal.  The Court also accepts as reasonable the 0.5 hours Plaintiff's counsel spent discussing "next steps" in the appeals process.  *Id.*  ("Mtg. [with] JT re: appeal and next steps re: same").  Conversely, the Court finds that the 4.9 hours spent by Plaintiff's counsel conducting research— e.g., "preliminary research for appeal; start compiling cases appealing decisions appealing fee awards in wage-and-hour cases"— is unreasonable because Defendants did not prosecute the appeal.[6] *Id.*  Plaintiff also billed for time discussing the potential of appeal prior to Defendants filing their notice of appeal.[7] *Id.*  These entries, totaling 5.5 hours, reflect work that was too preliminary and not reasonable given the posture of the case.  Accordingly, Plaintiff's counsel will be awarded $3,044.50 in fees associated with Defendants' unprosecuted appeal.

### ii. Attorneys' Fees for Post-Judgment Collections

Plaintiff also seeks reimbursement for attorneys' fees associated with post-judgment collection efforts.  As a general matter, Plaintiff persuasively asserts that costs and fees for post-judgment collections are compensable under the FLSA.  *See* May 3 Mot. at 5; *Serv. Employees*

---

[5] According to Plaintiff's counsel's records, time spent on activities relating to Defendants' notice of appeal totaled 11.8 hours.  *See* May 3 Mot. Ex. A.

[6] The research billing entries occurred on July 2, 2019 and August 7, 2019.  *See id.*

[7] Plaintiff billed for this time on July 5, 2019, weeks before the notice of appeal was filed.

*Int'l*, 358 F. Supp. 3d at 28 (awarding fees for "all time spent by legal counsel in collection efforts."); *Jackson*, 2017 WL 4162128, at *4–5 (D. Md. July 28, 2017) ("Plaintiffs' counsel's request for a supplemental fee award is reasonable in light of their extensive collection efforts and the favorable result they have secured for the Plaintiffs."); *Van Dyke*, 2010 WL 56109, at *1 (D. Or. Jan. 4, 2010); *Sierra Club v. EPA*, 769 F.2d 796, 811–12 (D.C. Cir. 1985) (awarding fees for time spent preparing fee petition). Plaintiff also provides detailed billing records. *See* May 3 Mot. Ex. A. Upon review by the Court, these records do not indicate that counsel billed for duplicative work or spent an excessive amount of time on each task. The time spent on post-judgment collections seem particularly reasonable in light of Defendants' lack of cooperation in compensating Plaintiff. *See* May 3 Mot. at 3. Plaintiff was forced to seek multiple Writs of Garnishment and Execution against Defendants' assets and file additional motions in order to collect the fees granted by this court on July 1, 2019. *See id.*; Order on Mot. for Att'ys' Fees and Costs at 1. Defendants provide no contrary evidence, argument, or authority on this point.

Defendants instead assert that Plaintiff's billed hours are unreasonable because (1) Plaintiff overestimated unpaid wages in his complaint, and (2) Plaintiff sought discovery after the conclusion of the case. As noted in the Court's prior Memorandum Opinion at 7, ECF No. 33, Defendants' contention that Plaintiff intentionally or recklessly overestimated unpaid wages in his complaint is unpersuasive. However, while the Court rejects Defendants' latter argument to the extent that it advocates for the complete dismissal of Plaintiff's supplemental motion for fees, it finds Plaintiff should not be compensated for discovery efforts after December 9, 2019. These fees were previously denied by Magistrate Judge Robinson and will not be reconsidered by this Court. *See* Min. Order, Feb. 13, 2020 (denying Plaintiff's request for fees incurred due to Defendants' failure to cooperate in discovery and confirming that all post-judgment collection

efforts pending at the time of the referral of the action had been completed).   In accordance with the Magistrate Judge's Order, Plaintiff has voluntarily reduced his attorneys' fees by $6,069.00. The remainder of Defendants' arguments are either conclusory or underdeveloped.[8]

### c.  Lodestar Adjustment

Plaintiff requests $34,296.50 in attorneys' fees.   *See* Pl.'s Reply at 2.   For the reasons stated above, the Court will grant Plaintiff's request for attorneys' fees but in the reduced amount of $31,491.50—calculated via the lodestar method previously described.   Defendants do not prescribe any specific adjustment to this lodestar amount.   Accordingly, the Court will grant Plaintiff's request for fees, reducing the award for a portion of the work associated with the unprosecuted appeal that the Court has determined was unreasonable.

### 2.  Award of Costs

Plaintiff requests that the Court reimburse him for $431.83 in costs, including fees for service, postage, and related costs in connection to post-judgment fee collection.   May 3 Mot. at 7.   These costs are of the type typically compensable under the FLSA.   *See Jackson,* 2017 WL 4162128, at *5 (awarding costs and expenses for mailing expenses, recording fees, and filing fees).   Defendants have not challenged these costs nor have they provided the Court with any cases or arguments indicating that an award of these costs is inappropriate.   The Court finds that these costs are reasonable and will reimburse Plaintiff for the full amount of the costs requested.

---

[8] For example, Defendants request that this Court award them counsel fees in connection with post-judgment discovery.  *See* May 22 Resp. at 5.  They do not provide a legal basis for this request.  Additionally, Defendants state that Plaintiff's counsel requested $658/hour in compensation.  *See id.* at 1.  Although Defendants reference this amount in their response, *id.*, Defendants do not develop the argument or explain why it matters in the context of the lower and appropriate hourly rate Plaintiff seeks in this motion.  Accordingly, the Court will not address this matter further.

## IV.  MOTION FOR SANCTIONS

### A.  Legal Standard

Defendants have moved for sanctions against Plaintiff pursuant to 28 U.S.C. § 1927, which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927. This provision recognizes "by statute a court's power to assess attorney's fees against an attorney who frustrates the progress of judicial proceedings."  *United States v. Wallace*, 964 F.2d 1214, 1218 (D.C. Cir. 1992).

While the District of Columbia has "not yet established whether the standard for imposition of sanctions under 28 U.S.C. § 1927 should be 'recklessness' or the more stringent 'bad faith,'" an attorney's "behavior must be at least 'reckless' to be sanctionable."  *LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 905 (D.C. Cir. 1998) (quoting *United States v. Wallace*, 964 F.2d 1214, 1218–19 (D.C.Cir.1992); *Wallace*, 964 F.2d at 1217.  However, even under this less stringent standard, "Section 1927 may not be used as a 'catch-all provision. . . for sanctioning any and all . . . conduct courts want to discourage.'"  *Huthnance v. D.C.*, 793 F. Supp. 2d 177, 181 (D.D.C. 2011) (quoting *Peterson v. BMI Refractories,* 124 F.3d 1386, 1396 (11th Cir.1997).  Recklessness is a "high standard" and, thus, under this standard, "assessment of attorneys' fees and costs under Section 1927 would remain 'a power which the courts should exercise only in instances of a serious and studied disregard for the orderly process of justice.'" *Id.* (quoting *Wallace*, 964 F.2d 1214 at 1220).

**B.  Analysis**

On May 22, 2020, Defendants moved for sanctions under 28 U.S.C. § 1927, arguing that Plaintiff's counsel unreasonably continued litigation past December 9, 2019, when Defendants tendered the full remaining balance due to Plaintiff.  Specifically, Defendants claim that Plaintiff's counsel unreasonably multiplied proceedings, acting "without justification to maintain this litigation after payment had been made in full in an effort to cause harm to the Defendant." May 22 Resp. at 4.  Defendants additionally state that Plaintiff's attorneys "turned an aggressive litigation posture into continued advocacy solely for burdening the defendant with additional legal fees" and "increasing its own largesse." *Id.*

Plaintiff's counsel alternatively contends that he submitted the filings in good faith and in compliance with this Court's orders after Defendants "delayed payment for several months by shifting assets and other evasive tactics."  Pl.'s Reply at 5.  Likewise, Plaintiff claims that counsel's conduct did not "multipl[y] the proceedings" in this case because Plaintiff's motions caused no "unnecessary delay" in proceedings.  *Id.* at 5.

The Court finds Plaintiff's argument convincing and Defendants' reliance on Section 1927 misplaced.  We would not be here today had Defendants promptly paid Plaintiff rather than forcing Plaintiff to go through post-judgment discovery, motions practice, and the filing of an appeal that Defendants, apparently, did not intend to pursue.  To the extent that any matter was "recklessly" multiplied in an unreasonable fashion, it was through Defendants' lack of cooperation in refusing to compensate Plaintiff in a timely manner—though the Court will not entertain any motions on this point.  *See Reliance Ins. Co. v. Sweeney Corp., Maryland*, 792 F.2d 1137, 1137 (D.C. Cir. 1986).  In short, Plaintiff's post-judgment discovery efforts would not have occurred absent Defendants' more egregious conduct.

Given the high threshold for sanctions set by Section 1927, the Court cannot find that Plaintiff's conduct was clearly unreasonable or vexatious—even under the less stringent standard of recklessness.  Accordingly, sanctions against Plaintiff's counsel are not warranted.

### V.  CONCLUSION

For the foregoing reasons, Plaintiff's Supplemental Motion for Attorneys' Fees and Costs is **GRANTED IN PART**, in the amount of $31,491.50 in attorneys' fees and $431.83 in costs.

Defendants' motion for Sanctions is **DENIED**.

An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  August 4, 2020                                          RUDOLPH CONTRERAS
                                                                            United States District Judge